UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE CASWELL,

                                        Plaintiff,

v.                                                                       Case # 17-CV-6133-FPG

                                                                       DECISION AND ORDER

NANCY A. BERRYHILL
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

Plaintiff Catherine Caswell brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On October 15, 2009, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 229-35. She originally alleged disability since January 23, 2007 due to left shoulder pain and bilateral neck muscle spasms following a car accident.[2] Tr. 95. Later at a hearing, Plaintiff amended her onset date to February 5, 2009. Tr. 855. In January 2011, an

---

[1] References to "Tr." are to the administrative record in this matter.
[2] Plaintiff alleges that her condition deteriorated in the years after 2009 following an arrest, a fall, and additional car accidents. *See* ECF No. 10-1.

1

Administrative Law Judge found her not disabled. Tr. 89-107, 113-18. The Appeals Council remanded the case. Tr. 108-12. The same ALJ issued a new decision in February 2013, which this Court reversed and remanded[3] on November 17, 2015, pursuant to the parties' stipulation. Tr. 951-53.

On October 17, 2016, Plaintiff and a vocational expert ("VE") testified at a hearing before Administrative Law Judge John Costello ("the ALJ"). Tr. 880-923. On January 6, 2017, the ALJ found Plaintiff not disabled within the meaning of the Act. Tr. 852-79, 1042, 1044. Plaintiff did not file exceptions, and this decision is the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks

---

[3] The case was remanded so the ALJ could obtain "additional evidence concerning the claimant's left shoulder pain, status-post left shoulder arthroscopy, bilateral neck muscle spasms, depressive disorder, NOS and adjustment disorder with anxiety, . . . evaluate the claimant's obesity, . . . provide a rationale with specific reference to evidence of record in support of assessed limitations," and "if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 855.

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she

cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 858. At step two, the ALJ found that Plaintiff has the following severe impairments: status post shoulder arthroscopy, degenerative disc disease of the lumbar and cervical spine, obesity, depressive disorder, and anxiety disorder. Tr. 858. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 858-860.

Next, the ALJ determined that Plaintiff retained the RFC to perform sedentary work[4] with additional limitations. Tr. 860-68. Specifically, the ALJ found that Plaintiff can occasionally reach, handle, and finger with her left, non-dominant upper extremity; occasionally extend, flex, and turn her neck side to side; sustain sufficient attention and concentration to understand, remember, and follow simple instructions; and frequently interact with coworkers, supervisors, and the public. Tr. 860.

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

At step four, the ALJ found that this RFC prevents Plaintiff from performing her past relevant work. Tr. 868. At step five, the ALJ relied on the VE's testimony to determine that Plaintiff can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 868-69. Specifically, the VE testified that Plaintiff could work as an ampule sealer, addresser, or surveillance monitor. Tr. 869. Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 869-70.

## II. Analysis

Plaintiff argues that remand is required because the ALJ's decision is not supported by substantial evidence and is based on legal errors. ECF No. 10-1 at 2. Specifically,[5] the ALJ eschewed treating physicians' opinions in favor of a consultative physician's opinion from 2009—before Plaintiff's physical condition allegedly deteriorated.[6]

The treating physician rule instructs the ALJ to give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); see also 20 C.F.R. § 404.1527(c)(2) ("We

---

[5]Plaintiff also argues that her mental RFC is not supported by substantial evidence and that the ALJ "failed to consider factors under SSR 16-3p that may explain Plaintiff's treatment, side effects, and difficulties," "to account for non-severe mental limitations in his RFC determination such as stress, chronic pain, swelling, and fatigue," to account for her obesity, and to properly assess her credibility. *See* ECF No. 10-1 at 27-30. The Court need not reach those arguments, however, because it disposes of this matter based on the reasons discussed above. The Court notes that these arguments appear less meritorious than Plaintiff's arguments regarding the ALJ's treatment of medical opinion evidence.

will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given controlling weight, the ALJ must consider the following factors in determining how much weight it should receive: "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)-(6).

### A. Dr. Gadir's Opinion

One of Plaintiff's treating physicians, Dr. Khalid Abdel Gadir, M.D., treated her since at least 2009 and saw her 11 times between March 2011 and March 2012. Tr. 804. In March 2012, Dr. Gadir completed a physical assessment of Plaintiff for the Monroe County Department of Human Services. Tr. 803-807. His findings reveal that Plaintiff had a limited range of motion in her neck and left shoulder, tenderness on palpation at her lower back, and motor weakness of her left upper extremity. *Id*. Dr. Gadir determined that Plaintiff could only work for up to eight hours per week due to cervicalgia, shoulder pain, and back pain stemming from her car accidents, and he opined that she had a very limited ability to walk, stand, sit, push, pull, bend, lift, and carry. *Id.*

Dr. Gadir's findings are more limiting than the ALJ's RFC finding, but the ALJ rejects them with the cursory observation that "[t]he record does not support such extreme limitations." Tr. 865. This observation is inadequate because it fails to "explain, with supporting citations to the medical record, why he rejected" Dr. Gadir's findings. *Beckers v. Colvin*, 38 F. Supp. 3d 362,

374 (W.D.N.Y. 2014); *see also Maldonado v. Comm'r of Soc. Sec.*, No. 12-CV-5297 (JO), 2014 WL 537564, at *13 (E.D.N.Y. Feb. 10, 2014) (noting that these types of "general statements are not sufficiently specific to be of any use in [the district court's] effort to determine whether the ALJ's determination was supported by substantial evidence"). Accordingly, the ALJ failed to articulate the necessary "good reasons" for rejecting Dr. Gadir's opinion. *Barnhart*, 362 F.3d at 33.

### B. Dr. Daino's Opinion

The ALJ also discussed the opinion of treating physician Terrance Daino, M.D., who treated Plaintiff at least 17 times and performed surgery on her. On October 15, 2010, Dr. Daino reported that Plaintiff had limited motion, weakness, pain, muscle atrophy, tendon erosion, impingement syndrome, rotator cuff tear, and frozen shoulder, and would be unable to work. Tr. 654-656. The ALJ gave this opinion only "some limited weight" because he found that Plaintiff's condition improved after physical therapy and "subsequent treatment notes show further improvement." Tr. 863.

It is unclear, however, which treatment notes the ALJ is referring to because he cites a different doctor's treatment notes, which, in any event, do not seem to indicate improvement. Instead, Dr. Daino's subsequent treatment notes from December 3, 2010 indicate that Plaintiff had not "undergone physical therapy because of problems with her no-fault insurance," and that "now that she is not going [to physical therapy] she is starting to regress." Tr. 845. Moreover, in 2011 he opined that Plaintiff's disability remained the same after another car accident and her continued lack of physical therapy. Tr. 846-47. The Court cannot conclude that the ALJ provided good reasons for discounting Dr. Daino's opinion because his reason depends in part on his erroneous description of the record. *See Rymer v. Colvin*, 62 F. Supp. 3d 265, 271-72 (W.D.N.Y. 2014)

7

(faulting the ALJ for discrediting a treating physician's opinion based on the incorrect determination that claimant's condition had improved).

Furthermore, the ALJ incorrectly determined that Dr. Daino's treating opinion supported the ALJ's sedentary RFC, even though Dr. Daino opined that Plaintiff could not work. While it is ultimately up to the Commissioner to determine if a claimant is disabled, *see Snell v. Apfel*, 177 F. 3d 123, 133 (2d Cir. 1999), it is questionable to determine, as the ALJ did, that Dr. Daino's opinion and the ALJ's RFC determination were in harmony.

### C. Consultative Exams

The ALJ discounted Plaintiff's treating physicians' opinions, but he gave "significant weight" to the opinion of consultative examiner Dr. Sandra Boehlert, M.D., who examined Plaintiff on December 22, 2009. Tr. 482. Dr. Boehlert observed that Plaintiff was not in acute distress, displayed normal gait and station, used no assistive devices, and was able to walk on her heels and toes without difficulty. Dr. Boehlert determined that Plaintiff had mild to moderate limitations "with regard to overhead reaching and heavy overhead exertion with the left arm." Tr. 862.

The ALJ took care to caution that Dr. Boehlert's opinion is "limited to the claimant's neck and shoulder problems because the claimant had not yet developed problems with her back." *Id.* Thus, as the ALJ's own decision points out, Dr. Boehlert's opinion is of limited use. While Dr. Boehlert's exam occurred after Plaintiff's first car accident that prompted her initial benefits application, Plaintiff experienced multiple events after the exam that allegedly exasperated her symptoms or otherwise affected her condition, including two other car accidents, surgeries, trauma stemming from arrest, and a fall. An ALJ need not accept a treating physician's opinion over a consultative examiner's opinion if the latter is more consistent with the weight of the evidence,

8

*see Diaz v. Shalala*, 59 F.3d 307, 313 N.5 (2d Cir. 1995), but a stale medical opinion that does not account for Plaintiff's deteriorating condition, such as Dr. Boehlert's, is not substantial evidence to support an ALJ's finding. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order) (citation omitted); *see also Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition"). Accordingly, it is unclear why the ALJ afforded more weight to Dr. Boehlert's opinion[7] instead of relying on those of her treating physicians, who were far more familiar with Plaintiff and treated her after subsequent adverse events.

The ALJ's improper weighing of the medical opinions illuminates a broader issue with the ALJ's decision: in contravention of Second Circuit precedent, it does not "set forth . . . in such a manner so as to enable [reviewing courts] to decide whether the determination is supported by substantial evidence." *Szarowicz v. Astrue*, No. 11-cv-277S, 2012 WL 3095798, at *4 (W.D.N.Y. July 30, 2012). As discussed above, the only medical opinion that the ALJ uses to substantiate his RFC determination is stale—thus "it appears that the ALJ has made an RFC determination in the absence of supporting expert medical opinion," which is legal error. *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330 (E.D.N.Y. 2010) (citations omitted); *see also Hogan v. Astrue*, 491 F.

---

[7] Additionally, Dr. Boehlert's opinion alone does not support the ALJ's RFC determination because Dr. Boehlert does not address the strength functions of sitting, standing, walking, pushing, pulling, lifting, or carrying as required for an RFC finding. This point will be more broadly discussed later in this opinion.

Supp. 2d 347, 354 (W.D.N.Y. 2007); *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order).

The ALJ provides a lengthy discussion of Plaintiff's credibility and her treating physicians' findings, but he does not clearly articulate how the record supports his highly specific RFC determination. Although he recounts Plaintiff's treatment notes and summarizes the medical record, he fails to adequately tie "this evidence to the physical" demands of sedentary work, which is legal error. *Palascak v. Colvin*, No. 1:11-CV-592 MAT, 2014 WL 1920510, at *8-10 (W.D.N.Y. 2014). Consequently, the Court is left in the dark as to which portions of Plaintiff's medical history support her ability to sit, stand, walk, lift, carry, push, and pull within the parameters of sedentary work. *See* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996) ("Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately . . ."). In other words, the ALJ's decision does not enable this Court to determine whether it is supported by substantial evidence. *Szarowicz*, 2012 WL 2095798, at *5.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner[8] for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124

---

[8] The Court acknowledges that it has the option to remand this case solely for calculation and payment of benefits, however, the record does not provide "persuasive proof of disability" and therefore the Court cannot conclude that "a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

(2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

       IT IS SO ORDERED.

Dated: September 17, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court